THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* ORLA W. PARKER, Appellant.

*Criminal charge of assault — form of the complaint — payment to the justice, on adjournment, of money for the complainant's counsel.*

A complaint before a village police justice described the offense as "maliciously and unlawfully beating" the complainant, "by kicking him in the head, body and face without provocation.

*Held,* that the name given to the offense was not material, and that the complaint was good and would support a conviction of assault in the third degree.

On applying for an adjournment of the trial, the defendant agreed to and did deliver to the justice a sum of money for the complainant's private counsel and for the complainant's expenses, which was presumably paid by the justice to the counsel.

*Held,* that this furnished no ground for a reversal of the conviction of the defendant.

APPEAL by the defendant, Orla W. Parker, from a judgment of the Court of Sessions of Queens county, entered in the office of the clerk of that county on the 9th day of March, 1892, affirming, as modified, a judgment of a Court of Special Sessions held by the police justice of the village of Sea Cliff, convicting the defendant of the crime of assault in the third degree.

The original judgment sentenced the defendant to the Kings county penitentiary for the term of three months. On appeal the judgment was modified by the Court of Sessions (the county judge presiding) by substituting the county jail for the penitentiary.

*George B. Stoddart,* for the appellant.

*John Fleming, District Attorney,* for the respondent.

BARNARD, P. J.:

The complaint before the police justice against the defendant was good. The offense was described to be one for "maliciously and unlawfully beating" one Egan "by kicking him in the head, body and face without provocation." The name given to the offense was without any materiality. After the arrest of defendant he refused to make any plea or answer any questions. He elected to be tried by the court and asked for an adjournment.

This was granted, he (the defendant) being admitted to bail during the trial. A second adjournment was had at defendant's request, and on the 8th of July, 1891, the case was tried. There is presented by the evidence a dispute not as to the assault, but as to a provocation for one, and upon this point I think the justice found clearly according to the evidence. The assault was unprovoked and severe, and rendered more intolerable to the complainant by a suggestion of an infamous inference which is wholly unsupported by the evidence. The proof offered at folio 55 to the belief of the defendant as to the complainant's intention, was improperly rejected; but the rejected proof was subsequently admitted at folio 57. The payment of eleven dollars for complainant's lawyer and his own expenses, furnishes no reversible error. The justice had hesitated as to a further adjournment, and the defendant agreed to pay ten dollars for that purpose, which was delivered to the justice and, presumably, by him paid to the private counsel of the complainant.

The judgment as modified by the county judge is therefore, affirmed.

PRATT and DYKMAN, JJ., concurred.

Conviction and judgment affirmed.